# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ZG PROPERTIES, LLC, <br> 29325 Chagrin Blvd., Ste. 300 <br> Pepper Pike, OH 44122 <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY OF UNIVERISTY HEIGHTS <br> 2300 Warrensville Center Road <br> University Heights, Ohio 44118 <br><br> Defendant. | CASE NO.: <br><br> JUDGE: <br><br> **COMPLAINT FOR DECLARATORY RELIEF** |

Now comes Plaintiff, ZG Properties, LLC, ("Plaintiff") by and through undersigned counsel, and for its complaint against the City of University Heights, ("Defendant"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff is seeking a judicial determination by this Court for declaratory relief under 28 U.S.C. § 2201.

## THE PARTIES

2. Plaintiff, ZG Properties, LLC, ("Plaintiff"), is a limited liability company duly organized under the laws of the State of Ohio with its principal place of business located at 6105 Parkland Blvd., Ste. 100, Cleveland, Cuyahoga County, Ohio.

3. Defendant, the City of University Heights ("Defendant"), is a municipal political subdivision located in Cuyahoga County, duly organized under the State of Ohio Constitution and the laws of the State of Ohio.

## JURSIDCTION AND VENUE

4. Venue is proper in this district under Loc R. 3.8 and 28 U.S.C. 1391(b), where Defendant resides, and because a substantial part of the events giving rise to this claim occurred in this district.

5. This Honorable Court has jurisdiction over the parties and this dispute, including for declaratory relief, pursuant to 28 U.S.C. § 1331 because the dispute arises under the Constitution and laws of the United States.

6. This Honorable Court has supplemental jurisdiction over the state law claim in this matter under 28 U.S.C. § 1367(a) because they form part of the same case or controversy as the federal claims.

7. An actual controversy between Plaintiff and Defendant exists within the meaning and application of University Heights Ordinance Chapter 820.04 and 820.02(p) (hereinafter collectively referred to as the "Ordinance") and its constitutionality, addressed below.

## BACKGROUND

8. Plaintiff is in the business of managing, operating, leasing and maintaining multi-family residential rental units in the City of University Heights.

9. Plaintiff manages the residential rental property located in the City of University Heights, Cuyahoga County, including the property located at 2200 Milton Rd., University Heights, OH, 44118 (the "Property").

10. Accordingly, under R.C. 5321.01(D), Plaintiff is the landlord of the Property and an "owner" as defined by 42 U.S.C. 1437(f).

11.     Plaintiff is the landlord/owner (hereinafter referred to as the "landlord") of the Property as defined above and possesses the legal right to lease dwelling units at the Property.

12.     As the landlord, Plaintiff is responsible for screening tenant applicants, creating lease agreements, collecting rental payments, serving notices, engaging in necessary court actions, such as evictions against non-paying tenants, and otherwise ensuring its business runs efficiently.

13.     Tenant screening is necessary to minimize financial risk, by identifying reliable renters capable of paying rent on time and ensuring that a tenant is capable of paying rent on time, which is necessary to prevent costly problems, such as missed payments, eviction litigation and unpredictable or increased turnover rates that drive up costs.

14.     As part of its applicant screening process, Plaintiff requires that a tenant's household monthly income be three times (3x) the amount of monthly rent.  If a tenant's income – regardless of its source – is not 3x the amount of monthly rent, the tenant has not passed Plaintiff's rental criteria.

15.     A requirement that a household make at least 3x the amount of monthly rent reduces the risk that a tenant will fall behind in rent, thereby reducing the amount of time and money needed for eviction actions and by reducing the costs associated with high or unpredictable turnover rates.

16.     As part of its larger Fair Housing Chapter – Chapter 820 - the City enacted Ordinance 820.04, titled *Prohibited Acts*.

3

17. In 2019, the City thereafter repealed and amended Chapter 820.04, via 'Ordinance No. 2019-16', "for the purpose of clarifying the definition of 'source of income.'"  A copy of the Amendment, which fully incorporates the most recent version of Chapter 820.04, along with Chapter 820.02(o), is attached hereto and incorporated herein as Exhibit 1 (hereinafter, the "Ordinance").

18. The Ordinance states that it is unlawful to deny rental accommodations to any person on account of its definition of "source of income,". *Id.*, Sections, (a), (b), (d), (g) & (j).

19. The definition for "Source of Income" is found under 820.02(o). *Id.*

20. Pursuant to 820.02(o), "Source of Income" means "lawful income derived from wages, social security, supplemental security income, all forms of federal, state or local assistance payments or subsidies, child support, spousal support, and public assistance which can be verified or substantiated."

21. "State or local assistance payments", and/or "public assistance," includes the Housing Choice Voucher Program administered by the Cuyahoga Metropolitan Housing Authority, which is commonly referred to as "Section 8."

22. The Housing Choice Voucher Program, (hereinafter referred to as the "Section 8") is administered by and through public housing authorities ("PHAs") and was enacted in 1974 through an amendment to the U.S. Housing Act of 1937. 42 U.S.C. 1437(f).

23. Section 8 provides 'vouchers' (i.e. subsidies) to eligible individuals for the use of renting real property. 24 CFR 982.1(a)(1).  Individuals may then select any

available rental unit, so long as the unit passes Section 8 inspection and the landlord agrees to participate in Section 8. 24 CFR 982.1(a)(2).

24. Section 8 is governed by a complex set of federal rules and regulations that determine landlord/owner and tenant eligibility, govern the processes landlords must employ, govern the role of a landlord, require that the landlord enter into non-negotiable Housing Assistance Payment contracts with the local public housing authority (referred to as the "HAP contract") for each tenant applicant, sets limits on the rent that landlords can charge, requires that a landlord obtain Section 8 approval to increase any rental amount, requires warrantless government inspections of the rented units, common areas and of the landlords business records, and requires the landlord make repairs deemed necessary by a Section 8 inspector, and more. 24 CFR § 982; §1437(f).

25. Participation in Section 8 is <u>voluntary</u>, on the part of landlords, pursuant to 24 CFR § 982.302(b).  24 CFR § 982.302(b) imposes substantial burdens on landlords and, if not for its voluntary nature, would otherwise mandate private participation in a costly, time-consuming federal voluntary program.

26. The City has filed administrative actions against Plaintiff, alleging that Plaintiff has discriminated against individuals based upon their source of income in violation of 802.04.  (See, for example, Complaint attached hereto as Exhibit 2).

27. The City has taken the position that Plaintiff's policy requiring tenants' income be (3x) the amount of monthly rent amounts to discrimination against individuals based on their source of income in violation of the Ordinance. *Id.*

5

28. As such, landlords such as Plaintiff are being subjected to enforcement actions for their decision not to participate in Section 8, even when that decision is based on uniform rental screening criteria. *Id.*

29. Further, the City, by and through Loc. Ord. 820.15, may bring and has brought charges against entities it believes to be in violation of its local ordinances.

30. Accordingly, in order to avoid civil liability, fines, injunctive relief, rental registration revocation, and/or attorney's fees, Plaintiff must involuntarily waive its constitutionally protected federal and state civil rights and must participate in Section 8, thereby being forced to change its rental screening criteria, business practices and contracts.

31. Based upon the Defendant's definition of "source of income," to include Section 8 Vouchers, the Ordinance is unconstitutional, both on its face and its application, to the extent it purports to make a landlord's participation in Section 8 mandatory or compulsory, by requiring landlords to accept Section 8 vouchers and/or by requiring landlords to forgo their rental screening criteria, for several reasons:

    a. The Ordinance is preempted due to its conflict with federal law;

    b. The Ordinance substantially interferes with Plaintiff's right to conduct its business, set rental amounts and control its property, constituting a taking and/or regulatory taking;

    c. The Ordinance violates Plaintiff's Fourth Amendment right, in that requiring Plaintiff to participate in the program necessarily means

6

   Plaintiff is subject to warrantless government searches and property seizures required by the Section 8 Program; and,

  d. The Ordinance conflicts with statewide landlord-tenant regulations – R.C. Chapter 5321, including, R.C. 5321.19.

32. Defendant has enforced and continues to enforce the Ordinance against landlords under threat of enforcement action.

33. The Ordinance remains in full force and effect.

34. Defendant is deemed to have actual knowledge of the language of the ordinances they enact, including University Heights Chapter 820 – Fair Housing, and its relevant subparts.

35. There is a genuine dispute and actual controversy by and between Plaintiff and Defendant concerning Plaintiff's rights, duties, and obligations under the Ordinance.

36. Pursuant to 28 U.S.C. § 2201 and case law, this Honorable Court may determine the rights, obligations and legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought.

37. Defendant enacted the Ordinance, which is a municipal code affecting Plaintiff's federal constitutional rights and legal obligations.

38. A dispute exists as to the constitutionality of the Ordinance and the City's application of it to force landlords into Section 8 and by requiring Plaintiff to forgo its rental screening criteria. Plaintiff is entitled to a judicial determination by this Court for declaratory relief.

39. The risk to Plaintiff is not merely remote or possible, but actual, genuine and present.

40. Speedy relief is necessary due to the current civil complaint brought against Plaintiff, and Plaintiff's right to govern its rental business and property without substantial governmental interference.

41. Plaintiff is entitled to declaratory judgment on any other issue that may arise during the course of litigation that is a proper issue on which to grant declaratory relief.

## COUNT ONE:
## DECLARATORY JUDGMENT – FEDERAL PREEMPTION

42. Plaintiff hereby repeats, realleges and reavers each and every allegation in the preceding paragraphs of this Complaint as if fully rewritten herein.

43. To the extent the Ordinance purports to make landlord participation in Section 8 mandatory or compulsory, Plaintiff maintains that the Ordinance is preempted due to its conflict with federal law, by forcing landlords to participate in Section 8, when federal law states that the program is voluntary.

44. Forcing landlords to participate in Section 8 contradicts federal law, by attempting to force landlords to participate in a voluntary program, in violation of the Supremacy Clause, of Article VI of the U.S. Constitution.

45. Municipalities may not enact laws that directly contravene or conflict with federal law.

46. Plaintiff is entitled to a declaratory judgment finding that the Ordinance conflicts with federal law and is preempted by federal law.

## COUNT TWO:
## DECLARATORY JUDGMENT –VIOLATION OF THE 4TH AMENDMENT

47. Plaintiff hereby repeats, realleges and reavers each and every allegation in the preceding paragraphs of this Complaint as if fully rewritten herein.

48. To the extent the Ordinance purports to make landlord participation in Section 8 mandatory or compulsory, the Ordinance violates Plaintiff's Fourth Amendment right under the United States Constitution. By requiring Plaintiff to participate in the program, Plaintiff must waive its constitutionally protected rights against warrantless searches by the local PHA and property seizures, to which it otherwise would not be subjected.

49. Under Section 8, landlords' property must be searched at the beginning of any tenancy and at least on an annual basis or more, without limitation.

50. Under Section 8, a landlord's business records must be maintained and are subject to Section 8 review and audit. *Id*; 42 U.S.C. § 1437(f).

51. Any law that penalizes a party's refusal to waive its constitutionally protected civil rights is unconstitutional.

52. Plaintiff is entitled to a declaratory judgment finding that the Ordinance compels searches and seizures in contravention to the Fourth Amendment of the United States Constitution and, as such, the Ordinance is unconstitutional.

## COUNT THREE:
## DECLARATORY JUDGMENT – TAKING IN VIOLATION OF THE 5TH AND 14th AMENDMENTS

53. Plaintiff hereby repeats, realleges and reavers each and every allegation in the preceding paragraphs of this Complaint as if fully rewritten herein.

54. To the extent the Ordinance purports to make landlord participation in Section 8 mandatory or compulsory, by requiring landlords to accept Section 8 vouchers, and/or by requiring landlords to forgo their rental screening criteria, Plaintiff maintains that the Ordinance's substantial interference into Plaintiff's right to conduct its business, collect rent and control its property amounts to a taking and/or regulatory taking in violation of the 5th Amendment to the United States Constitution.

55. To the extent the Ordinance purports to make landlord participation in Section 8 mandatory or compulsory, by requiring landlords to accept Section 8 vouchers and/or by requiring landlords forgo their rental screening criteria, Plaintiff maintains that the financial burden associated with Section 8 amounts to a taking and/or regulatory taking.

56. To the extent the Ordinance purports to make landlord participation in Section 8 mandatory or compulsory, thereby forcing a landlord to comply with and be bound by Section 8 rules and regulations governing its business practices, decisions and rental agreements, Plaintiff maintains that the financial burden associated with Section 8 amounts to a taking and/or regulatory taking.

57. Property interests protected by the Fifth and Fourteenth Amendments to the United States Constitution are diverse and extend beyond actual fee ownership of real estate, and include the property owner's absolute right of dominion, use or disposition over their property.

58. A taking occurs when there is substantial interference with the rights of ownership of private property.

59. The act of depriving a landlord of any valuable use of his land is the equivalent of depriving him of his land.

60. A taking occurs when the landlord is deprived of an economically valuable use of his property as a consequence of governmental action.

61. A business is considered property and/or a valuable use of property and the government cannot substantially interfere with or deprive an individual the economically valuable use of its property.

62. Rent and/or accounts receivable are considered property and/or an economically valuable use associated with property, due and owing to the landlord.

63. Requiring landlords such as Plaintiff to participate in Section 8 substantially interferes with the right to conduct its business and control its property, deprives a landlord of its property and the economically valuable use of its property, such as the right to set and obtain higher rental values, to avoid unnecessary repairs and to create reasonable screening criteria to mitigate the risk of future incurred costs.

64. To the extent the Ordinance seeks to force landlords such as Plaintiff to participate in Section 8, the City has engaged in a taking of Plaintiff's property, property rights and interests, its business and its profits.

65. The Defendant's application and enforcement of the Ordinance upon Plaintiff would adversely impact Plaintiff's business operations and cause Plaintiff significant monetary damages.

66. It is unlawful for a government to utilize private property in an attempt to further its legislative agenda.

67. Plaintiff is entitled to a declaratory judgment, finding that the Ordinance's substantial interference into Plaintiff's right to conduct its business and control its property amounts to a taking and/or regulatory taking.

**COUNT FOUR-**
**DECLARATORY JUDGMENT – DUE PROCESS VIOLATIONS**

68. Plaintiff repeats, realleges and restates each of the preceding paragraphs as if fully stated herein.

69. The Due Process Clause of the 14th Amendment to the United States Constitution affords protections that are "so rooted in the traditions and conscience of our people as to be ranked as fundamental."

70. The freedom to (or not to) contract, to freely negotiate and to freely exercise dominion and control over one's property represents a fundamental right deeply embedded in American legal tradition.

71. By attempting to force participation in Section 8, Plaintiff is being compelled to enter into contracts and thereby loses its fundamental right to exercise dominion and control over its Property and business.

72. Defendant's coercive measures through the application of 820.04 directly undermines Plaintiff's fundamental right to choose its contractual relationships and to negotiate terms freely with prospective tenants.  Accordingly, Defendant has exceeded its authority and violated Plaintiff's constitutionally protected freedom of contract.

73. Plaintiff is entitled to a declaratory judgment finding that the Ordinance forces Plaintiff to enter into contracts and lose its fundamental right to exercise dominion and control over its Property and business in violation of the Plaintiff's right to substantive due process protected by the Fifth and Fourteenth Amendment.

74. This governmental interference with fundamental contractual rights, absent compelling justification, constitutes a violation of substantive due process under the Fourteenth Amendment.

## COUNT FIVE:
## DECLARATORY JUDGMENT –STATE LAW CONFLICT

75. Plaintiff repeats, realleges and restates each of the preceding paragraphs as if fully stated herein.

76. Plaintiff specifically maintains that the Ordinance is unconstitutional for several reasons, including that the Ordinance is preempted by and conflicts with statewide landlord tenant regulations, Ohio Revised Code, Chapter 5321, et seq. ("the Ohio-Landlord Tenant Act").

77. R.C. 5321 is the general law governing statewide landlord-tenant regulations.

78. As a statewide rule of general application, no local ordinance can conflict with it, as set forth in R.C.5321.19 and R.C. 5321.20.  A true and accurate copy of R.C.5321.19 is attached hereto as Exhibit 3. A true and accurate copy of R.C. 5321.20 is attached hereto as Exhibit 4.

79. R.C. 5321.19 states that no municipality "may enact, adopt, renew, maintain, enforce, or continue in existence any charter provision, ordinance, resolution, rule, or other measure that is in conflict with this chapter, **or that**

**regulates the rights and obligations of parties to a rental agreement** that are regulated by this chapter, **including, without limitation, by any way imposing or requiring rent control or rent stabilization."** (Emphasis added).

80. The Ohio Legislature's intent to curb municipal abuses through local legislation governing landlord-tenant relationships in violation of R.C. 5321.19, is expressly clarified in R.C. 5321.20.

81. R.C. 5321.20 specifically states: "The general assembly finds and declares that **Chapter 5321. of the Revised Code** is a statewide and comprehensive legislative enactment **regulating all aspects of the landlord-tenant relationship** with respect to residential premises. *** The general assembly reiterates, by the enactment of Chapter 5321. of the Revised Code, that it is the intent of the general assembly to preempt political subdivisions from regulating the rights and obligations of parties to a rental agreement that are regulated by this chapter, including through the imposition of rent control and rent stabilization in any manner."

82. Section 8 fully regulates the rights and obligations of parties to a rental agreement.

83. Section 8 requires that landlords limit rent to what the local Public Housing Authority determines to be fair market value. 42 U.S.C. § 1437f(c)(1)

84. Section 8 requires that any increase in rent or request for payment of additional services be approved by the Public Housing Authority. 24 C.F.R. § 982.507.

85. As such, it is the Public Housing Authority that determines the amount of rent that a landlord participating in Section 8 may obtain and landlords are compelled to limit their rental values to that amount.

86. Section 8 requires that landlords enter into non-modifiable contracts set by the PHA through the U.S. Department of Housing and Urban Development. A true and accurate copy of the current HAP contact form is attached hereto as Exhibit 5.

87. The HAP contract directly regulates the rights and obligations of the landlord.

88. Forcing landlords to participate in Section 8 contradicts Ohio Revised Code 5321.19 and R.C. 5321.20, by attempting to regulate the rights and obligations of parties to a rental agreement.

89. Forcing landlords to participate in Section 8 contradicts Ohio Revised Code 5321.19 and R.C. 5321.20, by having the direct effect of regulating rental amounts a landlord can charge.

90. The City's application of the Ordinance, to the extent it seeks to require landlords to forgo their chosen rental screening criteria, regulates the rights of parties to a rental agreement.

91. Forcing landlords' to forgo their rental screening criteria and/or attempting to regulate a landlord's rental screening criteria contradicts R.C. 5321.19 and R.C. 5321.20.

92. Contrary to Ohio law, Section 8 mandates that owners may not terminate a tenancy except under very specific circumstances and only after certain notices *in addition to* state law required notices have been issued. 24 C.F.R. § 982.310. This law directly contradicts an Ohio landlord's right to terminate a tenancy at the expiration of a lease term, without cause, and an Ohio landlord's right to terminate a tenancy upon issuance of a 1923.04 Notice. R.C. 5321.17; R.C. 5321.04.

93. Forcing Ohio landlords to serve additional notices in order to evict a tenant contravenes an Ohio landlord's right to speedy recovery of it's property – the very purpose behind a forcible entry and detainer (eviction) action.

94. Forcing Ohio landlords to renew tenancies it may wish to terminate and/or requiring landlords to issue notices in addition to state law required notices, regulates a landlord's business practices and its rental agreements in contravention of R.C. 5321.19, R.C. 5321.20, and R.C. 5321.17.

95. Municipalities may not enact laws that directly contravene state law.

96. Plaintiff is entitled to a declaratory judgment finding that the Ordinance is unlawful under state law, Chapter R.C. 5321, R.C. 5321.19, R.C. 5321.20 and or R.C. 5321.17.

    **WHEREFORE,** Plaintiff demands, to the extent the Ordinance purports to make landlord participation in Section 8 mandatory or compulsory, by forcing landlords to participate in Section 8 and/or forgo rental screening criteria;

1. A declaration that the Ordinance is unconstitutional and preempted by federal law;

2. A declaration that the Ordinance compels searches and seizures in contravention to the Fourth Amendment to the United States Constitution and, as such the Ordinance is unconstitutional;

3. A declaration that the Ordinance amounts to a taking and/or regulatory taking that is unconstitutional under the Fifth Amendment to the United States Constitution;

4. A declaration that the Ordinance forces Plaintiff to enter into contracts and lose its fundamental right to exercise dominion and control over its Property and business in violation of the Fifth and/or Fourteenth Amendment;

5. A declaration that the Ordinance is unlawful under the laws of Ohio, R.C Chapter 5321 and, specifically, R.C. 5321.19, R.C. 5321.20 and/or R.C. 5321.17

6. Any other declaration that may become clear and obvious through the course of these proceedings;

7. An award of Plaintiff's costs of this action;

8. Such other relief deemed just and equitable by this Court.

Respectfully submitted,

*/s/ Laurence Powers*
Laurence Powers (0038658)
Robert G. Friedman, Esq. (0063811)
Rachel E. Cohen, Esq. (0097050)
Powers Friedman Linn, PLL
25550 Chagrin Boulevard, Suite 400
Cleveland, Ohio 44122
Telephone (216) 514-1180
LPowers@PFL-Law.com
*Attorneys for Plaintiff*


*/s/ Bryan Farkas*
Bryan J. Farkas (0072779)
Elizabeth S. Alexander (0096401)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114
Telephone (614) 464-5691
ESAlexander@Vorys.com
*Attorneys for Plaintiff*