**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ZG PROPERTIES, LLC,** | ) | |
| | ) | **Case No. 1:25-cv-2780** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Judge Christopher A. Boyko** |
| | ) | |
| **THE CITY OF UNIVERSITY HEIGHTS,** | ) | **Magistrate Judge Jonathan D. Greenberg** |
| | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEYS' FEES**

ZG Properties, LLC ("ZG Properties"), for its Amended Complaint ("Complaint") for declaratory judgment, injunctive relief, damages, and attorneys' fees against the City of University Heights ("City"), avers and alleges as follows:

## I. INTRODUCTION

1. ZG Properties brings this Complaint to challenge the City's unlawful enforcement of the University Heights Housing Code ("Housing Code"), specifically the "Source of Income" provision, which effectively compels private landlords to participate in the federal Section 8 Housing Choice Voucher Program. Section 8 is a voluntary program established by Congress to assist low-income families in securing housing through rent subsidies. Federal law makes clear that landlords are not required to participate in Section 8 and may freely choose whether to accept Section 8 vouchers.

2. Despite this, the City has enacted and enforced a Housing Code provision that prohibits property owners from refusing to rent to prospective tenants based on their source of income, including Section 8 vouchers. By conferring on prospective tenants a private right of

action, the City has interpreted and applied the Source of Income Provision to mandate landlord participation in Section 8, stripping ZG Properties and other property owners of their right to freely decide whether to enter into federal contracts and subject their properties to the burdensome requirements of Section 8, including warrantless inspections and non-negotiable lease terms.

3. Although the City purports to take no stance on whether ZG Properties must participate in Section 8 in its legal filings, its conduct suggests otherwise. The City's actions unlawfully override the voluntary nature of Section 8, infringe upon ZG Properties' property rights, and expose ZG Properties to indefinite and arbitrary enforcement. ZG Properties respectfully requests that this Court declare the City's Source of Income provision preempted and unconstitutional, enjoin its enforcement, and award ZG Properties damages and attorneys' fees.

## II. Jurisdiction and Venue

4. Jurisdiction in this Court is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1367, as this action raises questions under the United States Constitution, federal statutory law, and the Ohio Constitution.

5. This Court has personal jurisdiction over the City, as it is situated wholly within Cuyahoga County, Ohio.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), as this is the judicial district in which the City resides and where a substantial part of the events or omissions giving rise to the claim occurred.

## III. Parties

7. ZG Properties is a limited liability company organized under the laws of the State of Ohio. ZG Properties' principal place of business is located 29325 Chagrin Blvd., Ste. 300, Pepper Pike, Ohio 44122, within Cuyahoga County, Ohio.

8. The City is a municipality located in Cuyahoga County, Ohio.

## IV. FACTS COMMON TO ALL CLAIMS

### A. Section 8 Is a Voluntary Federal Program Which Does Not Compel Participation from Private Property Owners.

9. "The Section 8 voucher program is a ***voluntary*** program through which the federal government provides rent subsidies to eligible low-income families who rent from participating landlords." *Graoch Assocs. # 33, L.P. v. Louisville/Jefferson Cty. Metro Human Rels. Comm'n*, 508 F.3d 366, 369 (6th Cir. 2007) (emphasis added).

10. Congress established Section 8—the Housing Choice Voucher Program—to subsidize housing for low-income citizens by providing "vouchers." Voucher holders may select any available rental unit, so long as the unit is eligible under Section 8.

11. Section 8 is administered by public housing authorities ("PHAs").

12. Section 8 imposes several rules and restrictions upon the landlords who agree to participate in it. For example, to rent the unit, the landlord must pass a Section 8 inspection. 24 CFR § 982.1(a)(2).

13. Landlords participating in Section 8 must enter into non-negotiable Housing Assistance Payment contracts ("HAP Contracts") with local PHAs. The HAP Contracts govern the amount of rent landlords may charge to prospective tenants, requires landlords to obtain Section 8 approval to increase rent prices, requires the landlord to consent to warrantless government inspections of the rented units, common areas, and the landlord's business records, and requires the landlord to make any repairs deemed necessary by a Section 8 inspector. 24 C.F.R. § 982; 42 U.S.C. § 1437f.

14. Because participation in Section 8 subjects a landlord to substantial costs and intrusive, warrantless searches, participation in Section 8 is voluntary.

15. Courts have held that coercing participation in the Section 8 program is unlawful. *People v. Commons W., LLC*, 2026 NY Slip Op 01253, 6 (New York App. Div. 3rd Dept.). Landlords cannot be coerced into either forfeiting their fundamental Fourth Amendment privacy rights or facing prosecution. Laws or policies that do so are "facially unconstitutional." *Id.*

16. The voluntariness of Section 8 recognizes the fundamental rights to enjoy and use private property in Ohio. "[T]he founders of [Ohio] expressly incorporated individual property rights into the Ohio Constitution in terms that reinforced the sacrosanct nature of the individual's 'inalienable' property rights, which are to be held forever 'inviolate.'" *City of Norwood v. Horney*, 853 N.E.2d 1115, 1129 (Ohio 2006) (quoting Ohio Constitution Section 1, Article I and Section 19, Article I, respectively).

**B. ZG Properties Owns and Operates Multi-Family Residential Rental Units in the City.**

17. ZG Properties manages, operates, leases, and maintains multi-family residential rental units in the City.

18. ZG Properties manages the residential rental property located at 2200 Milton Rd., University Heights, Ohio, 44118 ("Property").

19. As the manager of the Property, ZG Properties is the landlord and an "owner" as defined by 42 U.S.C. § 1437f.

20. ZG Properties is responsible for screening tenant applicants, creating lease agreements, collecting rental payments, serving notices, engaging in necessary court actions—such as evictions against non-paying tenants—and otherwise ensuring its business runs efficiently.

21. Tenant screening is a crucial part of ZG Properties' duties. By screening potential tenants, ZG Properties can minimize its financial risk and ensure that its renters can pay rent timely.

If tenants do not pay rent on time, ZG Properties suffers from missed payments, eviction litigation, and unpredictable or increased turnover rates that drive up costs.

22. One key feature of ZG Properties' screening process is its minimum income requirement. A prospective tenant's monthly household income must be at least triple the amount of monthly rent for the unit they apply for. If the tenant's monthly income is not triple the amount of the unit's monthly rent, the income criteria is not satisfied, and ZG Properties will not rent to that prospective tenant.

23. The purpose of ZG Properties' income requirement reduces the risk that tenants will fall behind on rent, face eviction, or lead to high tenant turnover.

24. ZG Properties is selective about when it accepts Section 8 vouchers because doing so subjects ZG Properties to the onerous requirements of Section 8, including warrantless searches of its properties.

**C. The City Compels Section 8 Participation Through Its Housing Code.**

25. The City regulates certain aspects of housing within its limits through Chapter 820 of the City's Code—the Housing Code.

26. The Housing Code prohibits property owners from refusing to rent property to prospective tenants based on "source of income" ("Source of Income Provision"). Housing Code § 820.04(a).

27. In 2019, the City amended its Housing Code to further define the Source of Income Provision. The Housing Code now defines "source of income" as "lawful income derived from wages, social security, supplemental security income, all forms of Federal, state or local assistance payments or subsidies, child support, spousal support, and public assistance which can be verified and substantiated." Housing Code § 820.02(p).

28. The "Federal, state or local assistance payments" and "public assistance" referred to in the Source of Income Provision includes Section 8 payments through the Housing Choice Voucher Program administered by the Cuyahoga Metropolitan Housing Authority.

29. Pursuant to the City's Source of Income Provision of the Housing Code, it now compels landlord participation in Section 8.

30. If prospective tenants are being denied the ability to rent apartments based on their "source of income," the City empowers them to either bring an administrative action with the City's Fair Housing Review Commission ("Housing Commission") to enforce the Source of Income Provision. Housing Code § 820.08. The City is then responsible for transmitting the administrative complaint to the accused landlord and conducting an investigation. *Id.* § 820.09, 820.10.

31. After conducting an investigation, the City must determine either that a violation of the Housing Code has occurred or that the alleged violation has not occurred. Housing Code § 820.10. The investigation must be completed within 100 days of receiving the prospective tenant's complaint. If the investigation cannot be completed within 100 days, the City must inform the complainant and the landlord. *Id.* § 820.10(c).

32. If the City determines that a violation of the Housing Code has occurred, the City must conduct a "Conciliation Conference," where the City will attempt to facilitate a resolution to the violation. Housing Code § 820.11.

33. If the City determines that a violation of the Housing Code has not occurred, the City must dismiss the complaint by preparing and providing to the landlord and complainant a written notice of dismissal. Housing Code § 820.10(b).

34. The Housing Code provides for an appeal and hearing process.

35. If a complainant does not want to pursue an administrative complaint against a landlord, the Housing Code empowers "[t]he City, or the complainant, or any person" to sue the landlord for injunctive relief, compensatory and/or punitive damages, and attorneys' fees and costs. Housing Code § 820.16.

36. Therefore, the City's Housing Code empowers the City and prospective tenants to sue landlords through either an administrative action or lawsuit for alleged violations of the Source of Income Provision.

**D. Prospective Tenants Have Filed Lawsuits Against ZG Properties Asserting Alleged Violations of the Source of Income Provision.**

37. The City has, through its Housing Code and delegation of enforcement power to prospective tenants, subjected ZG Properties to both the administrative scheme and lawsuits arising from its interpretation of the Source of Income Provision.

38. The City has taken the position that ZG Properties' policy requiring tenants' income be triple the amount of monthly rent amounts to discrimination against individuals based on their source of income in violation of the Source of Income Provision of the Housing Code.

39. For example, in 2024, prospective tenants filed a complaint with the City alleging violation of the Source of Income Provision. The City then informed ZG Properties that it would conduct an investigation and inform ZG Properties of the result of the investigation. A true and accurate copy of the administrative complaints and the City's communications are attached hereto as **Exhibit 1**.

40. Upon information and belief, the City never concluded the investigation, thus subjecting ZG Properties to an indefinite investigation.

41. The City's failure to timely conclude the investigation and inform ZG Properties of any resolution left ZG Properties in administrative limbo.

42. Despite the City's failure to conclude the investigation, the prospective tenants then sought judicial relief pursuant to the City's Housing Code. The City's failure to render a formal decision is a *de facto* decision in favor of the prospective tenants.

43. Upon information and belief, the City now claims that the Housing Commission no longer exists. Despite this, the Housing Code still subjects landlords like ZG Properties to the onerous administrative scheme set forth therein, as the complaint and investigation provisions remain in the Housing Code.

### E. The City Recognizes That the Source of Income Requirement Is Arbitrary and Unlawful.

44. The City has, through its Housing Code, subjected ZG Properties to both the administrative scheme and lawsuits arising from its interpretation of the Housing Code.

45. ZG Properties informed the City that, by requiring participation in Section 8, the Source of Income Provision violated ZG Properties' rights.

46. Upon information and belief, the City initially agreed that the Source of Income Provision unlawfully infringed upon ZG Properties' right to decline participation in Section 8. Indeed, the City considered proposed legislation to amend the Source of Income Provision. A true and accurate copy of the proposed legislation and City Council Agenda is attached hereto as **Exhibit 2**.

47. The City has since abandoned the amendment to the Source of Income Provision.

48. The City's refusal to repeal or amend the Source of Income Provision, despite acknowledging in legal filings that the Source of Income Provision "does not mandate that landlords enroll in federal programs or execute federal contracts," is arbitrary.

49. Due to the City's failure to render a decision that ZG Properties has not discriminated against prospective tenants on their Source of Income, ZG Properties has suffered

damages, including but not limited to deprivation of its fundamental rights, legal fees, and unreasonable and arbitrary application of the Housing Code.

50. The City's continued reluctance to amend the Source of Income Provision subjects ZG Properties to unnecessary liability and indefinite regulation of its private business operations through prospective resident complaints and City enforcement.

## V. CLAIMS FOR RELIEF

### COUNT ONE:

### DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201 PREEMPTION UNDER FEDERAL LAW

51. ZG Properties restates the foregoing paragraphs as if fully rewritten herein.

52. The Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, provides that any person may seek a declaration of their rights or other legal relations.

53. To the extent the Housing Code purports to make landlord participation in Section 8 mandatory or compulsory, ZG Properties maintains that the Housing Code is preempted due to its conflict with federal law, by forcing landlords to participate in Section 8, when federal law states that the program is voluntary.

54. Forcing landlords like ZG Properties to participate in Section 8 contradicts federal law by attempting to force landlords to participate in a voluntary program.

55. The City cannot enact a law that conflicts with federal law.

56. Therefore, ZG Properties is entitled to a declaration that, by attempting to compel participation in Section 8, the Source of Income Provision is preempted by federal law.

### COUNT TWO:

### DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201 PREEMPTION UNDER OHIO STATE LAW

57. ZG Properties restates the foregoing paragraphs as if fully rewritten herein.

58. The Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, provides that any person may seek a declaration of their rights or other legal relations.

59. The Source of Income Provision of the Housing Code is preempted by and conflicts with statewide landlord tenant regulations, Ohio Revised Code, Chapter 5321, et seq. ("Ohio Landlord Tenant Act").

60. R.C. 5321 is the general law governing statewide landlord-tenant regulations.

61. As a statewide rule of general application, no local ordinance or code can conflict with the Ohio Landlord Tenant Act.

62. R.C. 5321.19 states that no municipality "may enact, adopt, renew, maintain, enforce, or continue in existence any charter provision, ordinance, resolution, rule, or other measure that is in conflict with this chapter, or that regulates the rights and obligations of parties to a rental agreement that are regulated by this chapter, including, without limitation, by any way imposing or requiring rent control or rent stabilization."

63. The General Assembly's intent to curb municipal abuses through local legislation governing landlord-tenant relationships in violation of R.C. 5321.19 is expressly clarified in R.C. 5321.20.

64. R.C. 5321.20 states, "The general assembly finds and declares that Chapter 5321 of the Revised Code is a statewide and comprehensive legislative enactment regulating all aspects of the landlord-tenant relationship with respect to residential premises. . . . The general assembly reiterates, by the enactment of Chapter 5321 of the Revised Code, that it is the intent of the general assembly to preempt political subdivisions from regulating the rights and obligations of parties to a rental agreement that are regulated by this chapter, including through the imposition of rent control and rent stabilization in any manner."

65. Section 8 fully regulates the rights and obligations of parties to a rental agreement.

66. Section 8 requires that landlords limit rent to what the local Public Housing Authority determines to be fair market value. 42 U.S.C. § 1437f(c)(1).

67. Section 8 requires that any increase in rent or request for payment of additional services be approved by the Public Housing Authority. 24 C.F.R. § 982.507.

68. As such, it is the Public Housing Authority that determines the amount of rent that a landlord participating in Section 8 may obtain and landlords are compelled to limit their rental values to that amount.

69. Section 8 requires that landlords, like ZG Properties, enter into non-modifiable contracts set by the PHA through the U.S. Department of Housing and Urban Development. A true and accurate copy of the current HAP contract form is attached hereto as Exhibit 3.

70. The HAP contract directly regulates the rights and obligations of participating landlords.

71. Forcing landlords to participate in Section 8 contradicts Revised Code 5321.19 and 5321.20 by attempting to regulate the rights and obligations of parties to rental agreements.

72. Forcing landlords to participate in Section 8 contradicts Revised Code 5321.19 and 5321.20 by attempting to regulate the rental amount a landlord may charge.

73. The City's application of the Source of Income Provision of the Housing Code, to the extent it seeks to require landlords to forgo their chosen rental screening criteria, regulates the rights of parties to rental agreements.

74. Forcing landlords to forgo their rental screening criteria and/or attempting to regulate a landlord's rental screening criteria contradicts R.C. 5321.19 and 5231.20.

75. Municipalities may not enact laws that directly contravene state law.

76. ZG Properties therefore entitled to a declaratory judgment that the Source of Income Provision of the Housing Code is unlawful and preempted under Ohio state law.

**COUNT THREE:**

**DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201**
**VIOLATION OF THE FOURTH AMENDMENT**

77. ZG Properties restates the foregoing paragraphs as if fully rewritten herein.

78. The Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, provides that any person may seek a declaration of their rights or other legal relations.

79. To the extent the Housing Code purports to make landlord participation in Section 8 mandatory or compulsory, the Housing Code violates ZG Properties' Fourth Amendment right under the United States and Ohio Constitutions.

80. By requiring ZG Properties to accept Section 8 vouchers as a "source of income" under the Housing Code, the City forces ZG Properties to waive its constitutionally protected right against warrantless searches by the local PHA and property seizures.

81. Under Section 8, landlords' property must be searched at the beginning of any tenancy and at least on an annual basis or more, without limitation.

82. Under Section 8, a landlord's business records must be maintained and are subject to section 8 review and audit. 42 U.S.C. § 1437(f).

83. The Housing Code compels participation in Section 8, thereby compelling ZG Properties to relinquish its constitutional rights to be free from unreasonable searches and seizures.

84. Courts have held that such compelled participation in Section 8 is unlawful. *People v. Commons W., LLC*, 2026 NY Slip Op 01253, 4 (New York App. Div. 3rd Dept.) ("[A]lthough the source-of-income discrimination law does not, itself, require any searches, they are indirectly compelled through the terms of the Section 8 program and the HAP contract, which obligate

landlords to make their premises and records available for searches."). Indeed, the Source of Income Provision is "facially unconstitutional to the extent that it makes it an unlawful discriminatory practice to refuse to rent or lease housing accommodations to any person, or group of persons, because their source of income includes Section 8 vouchers." *Id.* Any determination otherwise would subject ZG Properties to an impossible and unconstitutional choice: either forfeit protected privacy rights or subject itself to liability from lawsuits and City enforcement.

85. Therefore, ZG Properties is entitled to a declaratory judgment finding that the Housing Code compels searches and seizures in contravention of ZG Properties' right to be free from unreasonable searches and seizures, such that it is unconstitutional.

## COUNT FOUR:

## VIOLATION OF PROCEDURAL DUE PROCESS UNDER 42 U.S.C. § 1983 AND THE OHIO CONSTITUTION

86. ZG Properties restates the foregoing paragraphs as if fully rewritten herein.

87. The Fifth and Fourteenth Amendments to the United States Constitution protect the right to be free from deprivation of procedural due process.

88. The Ohio Constitution similarly protects citizens from deprivation of procedural due process.

89. ZG Properties is the owner of the Property. As the owner of Property, the City subjects ZG Properties to the Housing Code.

90. Pursuant to the Housing Code, the City must complete investigations within 100 days of receiving a complaint from complainants.

91. Pursuant to the Housing Code, the City must notify ZG Properties of any resolution of complaints submitted against it.

92. The City has failed to resolve complaints against ZG Properties within the time required under the City's Housing Code.

93. The City has failed to notify ZG Properties of any resolution of the complaints made against it, thereby subjecting ZG Properties to administrative limbo and indefinite fear of prosecution.

94. By failing to render a formal decision, the City rendered a *de facto* decision in favor of the prospective tenants, thereby spurring the prospective tenants' lawsuit. Alternatively, the City's acquiescence demonstrates that waiting for a formal decision years later is futile.

95. The City's actions are unreasonable and arbitrary applications of the Housing Code.

96. Therefore, ZG Properties is entitled to a declaratory judgment that the City's failure to complete investigations within the statutorily-required time and notify ZG Properties of resolutions of the complaints against it amounts to deprivation of procedural due process.

97. ZG Properties has been harmed by the City's failure to render a formal decision and deprivation of its rights without proper notice and an opportunity to be heard causing ZG Properties substantial damages.

## COUNT FIVE:

## VIOLATION OF SUBSTANTIVE DUE PROCESS UNDER 42 U.S.C. § 1983 AND THE OHIO CONSTITUTION

98. ZG Properties restates the foregoing paragraphs as if fully rewritten herein.

99. The Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution affords protections to fundamental rights, known as substantive due process.

100. The Ohio Constitution similarly protects citizens from deprivation of substantive due process.

101. ZG Properties is the owner of the Property. As such, ZG Properties has the right to exclude individuals from the Property, choose its prospective tenants, and negotiate the terms of contracts with prospective tenants. Further, ZG Properties has the right not to be compelled into a government housing program with mandated tenants and lease terms.

102. The freedom to contract, freely negotiate, and freely exercise dominion and control over one's property represents a fundamental right deeply embedded in American legal tradition.

103. By attempting to force participation in Section 8, ZG Properties is being compelled to enter into contracts and thereby loses its fundamental right to exercise dominion and control over its Property.

104. The City's coercive measures through the application of Housing Code § 820.04 directly undermines ZG Properties' fundamental right to exclude individuals from its Property, choose its contractual relationships, and negotiate terms freely with prospective tenants. Accordingly, the City has violated ZG Properties' constitutionally protected freedom of contract.

105. The City's actions are unreasonable and arbitrary applications of the Housing Code.

106. ZG Properties is therefore entitled to a declaratory judgment that the Housing Code forces ZG Properties to enter into contracts and relinquish its fundamental right to exercise dominion and control over its Property in violation of its right to substantive due process.

107. ZG Properties has been harmed by the City's arbitrary and capricious application of the Source of Income Provision, causing ZG Properties substantial damages.

## VI. Prayer for Relief

WHEREFORE, in consideration that the foregoing constitutes violations of ZG Properties' rights as guaranteed by the United States and Ohio Constitutions, ZG Properties seeks:

(a) A declaration that the Source of Income Provision of the City's Housing Code is preempted by federal and state law, such that the City may not compel participation in Section 8;

(b) A declaration that the Source of Income Provision of the City's Housing Code violates ZG Properties' Fourth Amendment rights by compelling participation in Section 8 and, as a result, the warrantless searches required under Section 8;

(c) A declaration that the City's failure to resolve complaints, conduct investigations, and notify ZG Properties of any resolution violates the City's own Housing Code and ZG Properties' right to procedural due process;

(d) A declaration that the Source of Income Provision of the City's Housing Code violates ZG Properties' right to substantive due process;

(e) A permanent injunction precluding the City from using the Source of Income Provision to compel participation in Section 8;

(f) Compensatory damages;

(g) Attorney fees and costs pursuant to 42 U.S.C. § 1988; and

(h) Any other declarative, injunctive or other equitable relief this Court deems just and appropriate.

Respectfully submitted,

VORYS, SATER, SEYMOUR AND PEASE LLP

/s/*Elizabeth S. Alexander*
Elizabeth S. Alexander (0096401), *Trial Attorney*
Henry J. Moseley (0102673)
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Phone: (614) 464-6400
Fax: (614) 719-4630

esalexander@vorys.com
hjmoseley@vorys.com

Bryan J. Farkas (0072779)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114
Telephone (614) 464-5691
bjfarkas@vorys.com

Laurence Powers, Esq.
Robert G. Friedman, Esq. (0063811)
Rachel E. Cohen, Esq. (0097050)
Powers Friedman Linn, PLL
25550 Chagrin Boulevard, Suite 400
Cleveland, Ohio 44122
Telephone (216) 514-1180
LPowers@PFL-Law.com

*Counsel for ZG Properties, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served electronically through this Court's electronic service system upon all parties and/or counsel of record on this 28th day of April, 2026. Notice of this filing is sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/*Elizabeth S. Alexander*
Elizabeth S. Alexander